# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **CLASSIC SALES, LLC** § § | |
| Plaintiff, § § | Civil Action No. 4:20-cv-00556-O |
| v. § § | |
| **YVOLUTION USA, INC. et al.,** § § | |
| Defendants. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes CLASSIC SALES, LLC to present this complaint for unpaid commissions owed by YVOLUTION USA, INC. and YVOLVE SPORTS LTD d/b/a YVOLUTION, and respectfully shows the Court as follows:

### I.   PARTIES

1. Plaintiff Classic Sales, LLC ("Plaintiff" or "Classic Sales") is a Texas limited liability company. Its members are Bruce Laney, an individual and citizen of the State of Texas who resides in Grapevine, Texas; and Brent Mayfield, an individual and citizen of the State of Tennessee who resides in Franklin, Tennessee. Plaintiff can be reached through its counsel of record, the undersigned.

2. Defendant Yvolution USA, Inc. is a California corporation whose registered address was 2390 Crenshaw Blvd. #356, Torrance, California 90501 and principal

place of business is 2200 Amapola Ct., #201, Torrance, California 90501. Yvolution has appointed Jerry Dohnal, 11310 Knott St., Garden Grove, California 92841, as its registered agent for service of process. Yvolution may also be served through its corporate representative, Bill Leonard, at 249 SE 200 Ave, Carrollton, IL 62016, as well as any other place its representatives may be found.

3. Defendant Yvolve Sports Ltd. is an Irish private company limited by shares (LTD company) with its principal place of business at 9-10 Fenian St. 3rd Floor, Dublin 2, D02RX24, Ireland. Yvolve Sports may be served at its registered address at Grant Thornton, 13-18 City Quay, Dublin 2, D02ED70, Ireland as well as any other place its representatives may be found.

4. For clarification purposes, both Defendants have conducted business with Plaintiff as if they were a single business entity. Additionally, in their own company documents, Defendants refer to themselves as "Yvolve Sports" and "Yvolution USA" interchangeably (hereinafter "Defendants"). Defendants have been named separately in this Complaint because they are incorporated as two separate business entities—Yvolve Sports Ltd. operating internationally and Yvolution USA, Inc. as Yvolve Sports Ltd.'s domestic branch—but both conducted business with Plaintiff indistinguishable from one another.

## III. VENUE AND JURISDICTION

5. This Court has original jurisdiction under Section 1332 of Title 28. Plaintiff has two members, one in the Northern District of Texas, and the other in Tennessee. Neither defendant resides in Texas or has any known connection to Texas. The Plaintiff seeks an award of damages in this case resulting from unpaid commissions owed by Defendants which exceed $75,000 (diversity jurisdiction).

6. This Court has jurisdiction because the parties formed a contract in Texas under Section 54.005 of the Texas Business & Commercial Code and long-arm jurisdiction under Section 17.042 of the Texas Civil Practices and Remedies Code, as the defendants contracted with the plaintiff, a Texas resident.

7. Venue is properly founded in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the claims in this action occurred within the geographic area falling into the jurisdiction of the Northern District of Texas.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's breach of contract claim because the claim is substantially related to its Texas Sales Representative Act (Tex. Bus. & Com. Code § 54.002) claim within this Court's original jurisdiction and form part of the same case under Article III of the United States Constitution.

## IV. FACTS

9. Plaintiff contracted with Defendants around April 2014 to act as Defendants' sales representative by soliciting on behalf of Defendants for the sale of Defendants' products, which included bicycles, scooters, and other wheeled toys.

10. A commission contract (Exhibit A) was sent to Plaintiff by Defendants which described commission percentages based on total sales by Plaintiff.

11. The commission agreement stated that all commissions were to be paid on the 15th of each month based on receipts the previous months.

12. Defendants paid commissions to Plaintiff from 2014 to 2019 based on the sales commission rates shown in Exhibit A, totaling about $1,110,221.55.

13. On February 6, 2018, Padraig Bracken, the VP/Commercial Director of Yvolve Sports Ltd. acknowledged the existence of the parties' contract in an email (Exhibit B) and asked Plaintiff to send over another copy of the contract.

14. On July 5, 2019, Bill Leonard, VP of Toys for Defendant Yvolution USA, Inc., sent an email (Exhibit C) to Plaintiff terminating their business relationship.

15. At that time, Defendants still owed Plaintiff: (1) $25,000 for commission unpaid from 2018 sales; (2) $75,000 for commission unpaid from sales during the "2019 Black Friday Program;" and (3) 1.5% commission unpaid on the "Holiday Pallet Program" for sales generated by Walmart.

16. In the termination email, VP of Toys for Defendant Yvolution USA, Inc. claimed that the following commissions would be paid to Plaintiff: $75,000 for the 2019 Black Friday Program and 1.5% commission for the Holiday Pallet Program for sales generated by Walmart.

17. On March 11, 2020, Plaintiff sent Defendants a Demand Letter demanding: (1) $25,000 for commission unpaid from 2018 sales; (2) $75,000 for commission unpaid from sales during the "2019 Black Friday Program;" and (3) 1.5% commission unpaid on the "Holiday Pallet Program" for sales to Walmart.

18. On March 18, 2020, the Director of Finance for Defendant Yvolve Sports Ltd. replied to Plaintiff's Demand Letter, stating that Yvolve Sports was only willing to pay Plaintiff the $25,000 for commission unpaid for 2018 sales.

19. Yvolve Sports Ltd. refused to pay the rest of the commission owed, including the $75,000 for commission unpaid from sales during the "2019 Black Friday Program" and the 1.5% commission unpaid on the "Holiday Pallet Program" for sales generated by Walmart.

20. As of the filing of this Original Complaint, Defendants have not paid out any of the commission due to Plaintiff, despite Plaintiff's multiple requests.

## V.  CLAIM: BREACH OF CONTRACT

21. Plaintiff would show that the actions and omissions by Defendants described herein above constitute breach of contract proximately causing direct and consequential damages of Plaintiff described herein for which Plaintiff sues.

22. The agreement between Plaintiff Classic and Defendants Yvolve created a valid and enforceable contract in which Plaintiff sold Defendants' products on a commission basis and Defendants promised to pay and did pay for years.

23. Plaintiff performed its sales duties under the contract, and Defendants breached the contract by refusing to pay the promised commission, causing damage to Plaintiff.

## VI.  CLAIM: TEXAS SALES REPRESENTATIVE ACT

24. Defendants' actions described above and incorporated here by reference constitute a violation of the Texas Sales Representative Act because there was a contract satisfying Section 54.002 of the Texas Business & Commerce Code between sales representative Plaintiff and Defendants, and Defendants failed to pay commission to Classic. TEX. BUS. & COM. CODE § 54.004.

25. As such, Yvolve is liable to Classic for three times the unpaid commission due to Classic and reasonable attorney's fees and costs. *Id*.

## VII.  CLAIM: SUIT ON SWORN ACCOUNT

26. Defendants requested Plaintiff to act as sales representative by soliciting on behalf of Defendants for the purchase of Defendants' children's toys products. Defendants approved and accepted the sales representative services and became bound to pay Plaintiff for the services, which were priced according to the parties' agreement, and were the usual, customary, and standard charges for the services.

27. Attached as Exhibit B is Defendants' acknowledgement of the parties' open account and promise to pay the $75,000 for the 2019 Black Friday Program and 1.5% of Sales for the Holiday Pallet Program.

28. Attached as Exhibit C is Defendants' acknowledgement of the parties' open account and promise to pay the $25,000 due in commission from 2018 sales.

29. The Plaintiff's claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed.

30. The principal balance on the account is $100,000 plus 1.5% commission for sales completed as part of the "Holiday Pallet Program."

31. On March 11, 2020, Plaintiff made demand upon Defendants for payment of the sales representative services. Defendant has failed and refused, and still refuses, to pay the entire balance owed.

32. A supporting affidavit or unsworn declaration is attached as Exhibit E.

## VIII. ATTORNEYS' FEES

33. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this case to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by TEX. BUS. & COM. CODE § 54.004 and TEX. CIV. PRAC. & REM. CODE § 38.001.

## IX. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff requests the court render judgment for Plaintiff against Defendants, finding Defendants liable for damages based on the claims of breach of contract, sworn account, and the Texas Sales Representative Act. Plaintiffs also request an award of reasonable and necessary attorney's fees, costs of court, post-judgment interest at the lawful rate, and all other relief to which Plaintiff may be entitled in law and equity.

Respectfully submitted,

By: /s/ Warren Norred
Warren V. Norred, State Bar No. 25045094
515 E. Border St. Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
wnorred@norredlaw.com
Attorney for Plaintiff

Attachments:

**Exhibit A** – Commission Contract

**Exhibit B** – Defendants' Acknowledgment of Commission Contract

**Exhibit C** – Defendants' Acknowledgment of Commissions Owed and Promise to Pay – $75,000 for 2019 Black Friday Program and 1.5% of Sales for Holiday Pallet Program

**Exhibit D** – Defendants' Acknowledgment of Commissions Owed and Promise To Pay – $25,000 for 2018 Sales

**Exhibit E** - A supporting affidavit or unsworn declaration is attached as Exhibit E.

## EXHIBIT A: Commission Contract

### Yvolve Sports/ Yvolution USA Commissions Structure

| Sales Level | | Commision % | Estimated Total Commission |
|---|---|---|---|
| $ - | $ 5,000,000.00 | 0.05 | |
| $ 5,000,000.00 | $ 15,000,000.00 | 0.025 | |
| $ 15,000,001.00 | $ 25,000,000.00 | 0.020 | |
| $ 25,000,001.00 | $ 35,000,000.00 | 0.015 | |
| TOTAL Estimated 2014 Commissions | | | |

*All commissions are paid on the 15th of each month based on receipts the previous month
*All commissions are paid based on net amount (less all allowances, chargebacks, etc)
*For calculation purposes both FOB Aisa and FOB LA sales will be calculated together
*Commission amounts may be reduced if agreed upon based on special program and pricing (these shall be documented)
*Adjustments can be made retroactively based on changes in payments made by retailers
* Sales are based on a calender year

## EXHIBIT B: Defendants' Acknowledgment of Commission Contract

> On 6 February 2018 at 20:52, Padraig Bracken <padraig.bracken@yvolution.com> wrote:
>
> Hi Bruce/ Maynard,
>
> Hope you are well.
>
> Could you send on the contract you guys have with us. I have the rest of our reps on file but yours is missing.
>
> Also I would like to dicuss your Commission for the coming year regarding the Black Friday order. Our margins are seriously tight and with you at 5% we are looking at negative on some items.
>
> When suits to Discuss?
>
> Thanks
>
> Padraig
>
> --
>
> Yvolution
> Padraig Bracken
> **VP/Commercial Director**
>
> Skype • padraigbracken2
> Telephone • +353 1 311050
> Mobile • +353 860425993

**EXHIBIT C**: Defendants' Acknowledgment of Commissions Owed and Promise To Pay – $75,000 for 2019 Black Friday Program and 1.5% of Sales for Holiday Pallet Program

> From: Bruce Laney bruce@classicsalesllc.com
> Subject: FW: Yvolve Sports Representation
> Date: May 6, 2020 at 2:44 PM
> To: Bruce Laney brucelaney@aol.com
>
> From: Bill Leonard <bill.leonard@yvolution.com>
> Date: Friday, July 5, 2019 at 12:34 PM
> To: "bruce@classicsalesllc.com" <bruce@classicsalesllc.com>, "brucelaney@aol.com" <brucelaney@aol.com>
> Cc: "padraig.bracken@yvolution.com" <padraig.bracken@yvolution.com>
> Subject: Yvolve Sports Representation
>
> Bruce
>
> Its been a good run with you and the Classic Team but at this point we feel as an organization its time to move on and move forward. A fresh approach and direction is needed to continue to grow our company. The Yvolve Team appreciates all the work that has been done by you and Classic but as of today you will no longer be representing Yvolve Sports/Yvolution on any further accounts. We would appreciate a professional approach to our relationship when approaching these accounts in the future.
>
> Commission schedule will occur just as Darren lined out before or sooner in timeframe. The future commissions will be given as follows:
>
> 1. Current Black Friday $75,000 for 2019 Black Friday Program.
> 2. 1.5% commission on Holiday Pallet Program....amount to be determined as final invoices and program is delivered at Walmart.
>
> (Both Programs will be paid once invoiced, delivered and paid to us) (A schedule will be determined by Darren & Team in corp finance)
>
> Thanks again for your work and help in making Yvolve Sports what it is today!
>
> Bill Leonard
> VP of Sales Toy Division - Americas
>
> Skype  Carrhawks6
> Mobile  618 946 2266





## EXHIBIT D: Defendants' Acknowledgment of Commissions Owed and Promise to Pay – $25,000 for 2018 Sales

From: **Darren Smith** <darren.smith@yvolution.com>
Date: Wed, Mar 18, 2020 at 3:23 PM
Subject: RE: Norred Law, PLLC - Demand Letter to Darren Smith
To: Warren Norred <wnorred@norredlaw.com>
Cc: Carol Hollingsworth <carol@norredlaw.com>, Jerry Dohnal <jerry.dohnal@yvolution.com>


Dear Warren

I am copying our company counsel who you think I did not speak with!

In your letter you made reference to a contract and I therefore requested same.

Bruce did send me a copy of the email dated July 5, 2019 however neither I, the company's Board or owners were made aware of such an email.

In fact our commercial director confirmed to the owners on a number of occasions no such agreement was made. It is a know fact in our company that nobody can agree such agreement without my approval……was I on this email?

I agree to the $25k for 2018 but dispute any commission for 2019.

However, if you must know we have been suffering Covid-19 related cash flow issues since late January, and this looks set to continue for many more months to come.

I therefore am not in a position to confirm any pay plans until such a time as the business gets back up and running

Regards

Darren

**EXHIBIT E: Supporting Affidavit**

AFFIDAVIT TO THE ACCOUNT

| THE STATE OF TEXAS, | § |
| COUNTY OF TARRANT | |

BEFORE ME, the undersigned Notary Public in and for said County and State, on this day personally appeared Bruce Laney, known to me, and, after being duly sworn, stated on oath that the foregoing and annexed account in favor of Classic Sales, Inc. for the sum of $114,600 plus 1.5% commission for sales completed as part of the "Holiday Pallet Program" is within the knowledge of affiant, just and true, that it is due and unpaid, and that all just and lawful offsets, payments and credits have been allowed. A history of the account is included post-signature as Exhibit E-1.

_____
Bruce Laney

SWORN AND SUBSCRIBED TO BEFORE ME, on May 27th, 2020.



MARIE ANDERSON
Notary Public, State of Texas
Comm. Expires 04-17-2023
Notary ID 131977967

_____

**EXHIBIT E-1:**

| Ships | | | Rate | Commission $s | |
|---|---|---|---|---|---|
| 2014 | $8,746,245 | $5,000,000 | 5.00% | $250,000.00 | |
| | | $3,746,245 | 2.50% | $93,656.14 | |
| | | | | $343,656.14 | |
| 2015 | $630,294 | | 5.00% | $31,514.72 | |
| 2016 | $4,479,541 | | 5.00% | $223,977.07 | |
| 2017 | $7,442,945 | $5,000,000 | 5.00% | $250,000.00 | |
| | | $2,442,945 | 2.50% | $61,073.62 | |
| | | | | $311,073.62 | |
| 2018 | $3,000,000 | | 5.00% | $150,000.00 | |
| | $5,809,922 | Black Friday Flat Fee | | $75,000.00 | owe $25,000 |
| 2019 | $487,916 | Ships 6/3 | 5.00% | $24,395.80 | Paid $19,943.98 so owe difference plus June Shipments |
| | | Black Friday Flat Fee | | $75,000.00 | Owe $75,000 |
| | 800,000 | approx ships | 1.50% | $12,000.00 | Owe |
| | | | | $1,110,221.55 | Paid |
| | | | approx | $116,400.00 | Owed ($25k +$4.4K +$75k +$12K) |