IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CLASSIC SALES, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:20-cv-00556-O |
| | § | |
| **YVOLUTION USA, INC.** and | § | |
| **YVOLVE SPORTS LTD. d/b/a** | § | |
| **YVOLUTION,** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

### I.  ADMISSIONS AND DENIALS

Defendants Yvolution USA, Inc. and Yvolve Sports Ltd. d/b/a Yvolution admit in part and deny in part the allegations of the numbered paragraphs of Plaintiff's First Amended Petition, as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit that Yvolution USA, Inc. and Yvolve Sports Ltd. d/b/a Yvolution are separate legal entities. Otherwise, deny.

5. Defendants deny owing the alleged commissions to Plaintiff. Otherwise, admit.

6. Admit.

7. Admit.

8. Admit.

9. Deny that the referenced contract applied to the specific sales related to the commissions claimed by Plaintiff. Otherwise, admit.

10. Admit, but deny that the contract always applied to all sales Plaintiff was involved in generating. The parties had a course of dealing to agree specific *ad hoc* commission

arrangements for certain high-volume sales days, including those covering the commissions claimed in this suit.

11. Admit, but deny that the contract always applied to all sales Plaintiff was involved in generating. The parties had a course of dealing to agree specific *ad hoc* commission arrangements for certain high-volume sales days, including those covering the commissions claimed in this suit.

12. Admit, except that on certain instances, commissions were based on specific *ad hoc* agreements for particular sales days that were known to be especially high-volume, including those days covering the commissions claimed in this suit.

13. Admit.

14. Admit.

15. Deny.

16. Admit that the email states what is reflected on Exhibit C to the First Amended Complaint. Otherwise, deny.

17. Admit.

18. Admit.

19. Admit.

20. Deny that Defendants owe Plaintiff the commissions owed. Otherwise, admit.

21. Deny.

22. Admit, but deny that the contract always applied to all sales Plaintiff was involved in generating. The parties had a course of dealing to agree specific *ad hoc* commission arrangements for certain high-volume sales days, including those covering the commissions claimed in this suit.

23. Deny.

24. Deny.

25. Deny.

26. Admit, but deny that the contract always applied to all sales Plaintiff was involved in generating. The parties had a course of dealing to agree specific *ad hoc* commission

arrangements for certain high-volume sales days, including those covering the commissions claimed in this suit.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny that Defendants owe the commissions claimed. Otherwise, admit.

32. Admit that the First Amended Complaint is accompanied by an affidavit.

33. Deny that Plaintiff is entitled to attorneys' fees or costs.

## II.    JURY DEMAND

34. Defendants demand a jury on all issues so triable.

## III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that the Court render judgment for Defendants and enter a take-nothing judgment against Plaintiff, award Defendants their reasonable and necessary attorneys' fees and costs as allowed by law, and grant Defendants all further relief, whether grounded in law or in equity, to which they may be justly entitled.

Dated: July 6, 2020

Respectfully submitted,

**SBAITI & COMPANY PLLC**

/s/ Mazin A. Sbaiti
Mazin A. Sbaiti
Texas Bar No. 24058096
Michał Zapendowski
Texas Bar No. 24075328
J.P. Morgan Chase Tower
2200 Ross Ave – Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
   jmz@sbaitilaw.com